```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NATHANIEL PARKS, | No. 19-cv-21984 (NLH) (JS) |
| Plaintiff, | |
| v. | OPINION |
| CFG HEALTH SERVICES, et al., | |
| Defendants. | |

APPEARANCE:

Nathaniel Parks
629716C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Nathaniel Parks, a state prisoner presently incarcerated in South Woods State Prison, New Jersey, filed a complaint under 42 U.S.C. § 1983. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint without prejudice.  Plaintiff may move for leave to file an amended complaint.

I. BACKGROUND

Plaintiff raises claims regarding his detention at the Atlantic County Justice Facility in January and February of 2018.  ECF No. 1 at 4.  He states he "was assigned to the mental health housing unit . . . because of serious medical issues upon his admission to the Atlantic County Justice Facility was assaulted by Correction Officers because he was unable to walk to medical appointments at the facility."  Id.

He states he reported the assault to CFH Health Systems Supervisor Cheryl Dubois, who denied Plaintiff any treatment. Id.  He also asserts that he contracted an intestinal infection that turned into a bowel obstruction due to lack of treatment. Id.  He also states he was wrongfully arrested.  Id. at 5.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured

by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff asserts he was assaulted by corrections officers and was denied medical care.  ECF No. 1 at 4.  He also appears to assert that he was falsely arrested.  Id. at 5.  Although not entirely clear, the Court presumes Plaintiff was a pretrial detainee at the time of the alleged denial of care, meaning his claim would be analyzed under the Fourteenth Amendment.  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Due Process Clause of the Fourteenth Amendment "affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner . . . ." Id. (internal quotation marks omitted).  Plaintiff must therefore provide facts in his complaint indicating "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Id. at 582.  The Court assumes that Plaintiff's intestinal infection qualifies as a serious medical need for screening purposes only.

Plaintiff has stated few, if any, facts in his complaint that indicate Defendants acted with deliberate indifference to

4

his medical needs.  Plaintiff does not indicate what necessary treatment he was denied and how the named Defendants denied him that treatment.  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court cannot infer the Defendants acted with the required state of mind without more information.  The claim is dismissed without prejudice, and Plaintiff may move to amend his complaint by correcting the factual deficiencies.

Plaintiff's allegation that he was assaulted is likewise deficient.  Claims of excessive force at the time an individual is a pretrial detainee are evaluated based on the Due Process Clause of the Fourteenth Amendment.  Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015).  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  Id. at 396–97.  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'"  Id. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).  Plaintiff does not say what happened during his encounter with corrections officers other than he was "assaulted."  ECF No. 1 at 4-5.  "Assault" is a legal conclusion, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v.

5

Allain, 478 U.S. 265, 286 (1986).  The claim is dismissed without prejudice, and Plaintiff may move to amend this claim.

To the extent Plaintiff raises a false arrest claim, it is dismissed without prejudice.  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).  "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995).  There are no facts in the complaint about Plaintiff's arrest other than Defendants broke his car window, breaking the glass.  ECF No. 1 at 5.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  As Plaintiff may be able to correct the deficiencies noted by the Court by alleging more facts, the Court will grant Plaintiff leave to amend his complaint.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in

6

the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

IV. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim.  Plaintiff may move to file an amended complaint within 45 days.

An appropriate order follows.


Dated: _October 13, 2020_       __s/ Noel L. Hillman____
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.